1

2

3

4

5

CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Amanda Seabock, Esq., SBN 289900
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

6

Attorneys for Plaintiff

7

8

9

10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

| | |
|---|---|
| **Chris Langer**, <br><br> Plaintiff, <br><br> v. <br><br> **Nalbandian Enterprise, LLC,** a California Limited Liability Company; **K. Nalbandian Service Center, Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

19

20

21

22

Plaintiff Chris Langer complains of Nalbandian Enterprise, LLC**,** a California Limited Liability Company; K. Nalbandian Service Center, Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

23

24

**PARTIES:**

25

26

27

28

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State

1

Complaint

1   of California.

2       2.   Defendant Nalbandian Enterprise, LLC owned the real property located
3   at or about 1270 N. Vermont Avenue, Los Angeles, California, in August
4   2019.

5       3.   Defendant Nalbandian Enterprise, LLC owned the real property located
6   at or about 1270 N. Vermont Avenue, Los Angeles, California, in October
7   2019.

8       4.   Defendant Nalbandian Enterprise, LLC owned the real property located
9   at or about 1270 N. Vermont Avenue, Los Angeles, California, in January
10  2020.

11      5.   Defendant Nalbandian Enterprise, LLC owns the real property located
12  at or about 1270 N. Vermont Avenue, Los Angeles, California, currently.

13      6.   Defendant K. Nalbandian Service Center, Inc. owned Shell located at or
14  about 1270 N. Vermont Avenue, Los Angeles, California, in August 2019.

15      7.   Defendant K. Nalbandian Service Center, Inc. owned Shell located at or
16  about 1270 N. Vermont Avenue, Los Angeles, California, in October 2019.

17      8.   Defendant K. Nalbandian Service Center, Inc. owned Shell located at or
18  about 1270 N. Vermont Avenue, Los Angeles, California, in January 2020.

19      9.   Defendant K. Nalbandian Service Center, Inc. owns Shell ("Gas
20  Station") located at or about 1270 N. Vermont Avenue, Los Angeles,
21  California, currently.

22      10. Plaintiff does not know the true names of Defendants, their business
23  capacities, their ownership connection to the property and business, or their
24  relative responsibilities in causing the access violations herein complained of,
25  and alleges a joint venture and common enterprise by all such Defendants.
26  Plaintiff is informed and believes that each of the Defendants herein,
27  including Does 1 through 10, inclusive, is responsible in some capacity for the
28  events herein alleged, or is a necessary party for obtaining appropriate relief.

2

Complaint

1    Plaintiff will seek leave to amend when the true names, capacities,
2    connections, and responsibilities of the Defendants and Does 1 through 10,
3    inclusive, are ascertained.

4

5    **JURISDICTION & VENUE:**

6        11. The Court has subject matter jurisdiction over the action pursuant to 28
7    U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
8    Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

9        12. Pursuant to supplemental jurisdiction, an attendant and related cause
10   of action, arising from the same nucleus of operative facts and arising out of
11   the same transactions, is also brought under California's Unruh Civil Rights
12   Act, which act expressly incorporates the Americans with Disabilities Act.

13       13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
14   founded on the fact that the real property which is the subject of this action is
15   located in this district and that Plaintiff's cause of action arose in this district.

16

17   **FACTUAL ALLEGATIONS:**

18       14. Plaintiff went to the property to visit Gas Station in August 2019 (twice),
19   October 2019 and January 2020 with the intention to avail himself of its goods
20   or services and to assess the business for compliance with the disability access
21   laws.

22       15. The Gas Station is a facility open to the public, a place of public
23   accommodation, and a business establishment.

24       16. Unfortunately, on the dates of the plaintiff's visits, the defendants failed
25   to provide wheelchair accessible parking in conformance with the ADA
26   Standards as it relates to wheelchair users like the plaintiff.

27       17. On information and belief the defendants currently fail to provide
28   wheelchair accessible parking.

Complaint

18. These barriers relate to and impact the plaintiff's disability. Plaintiff personally encountered these barriers.

19. As a wheelchair user, the plaintiff benefits from and is entitled to use wheelchair accessible facilities. By failing to provide accessible facilities, the defendants denied the plaintiff full and equal access.

20. Even though the plaintiff did not confront the barriers, on information and belief the defendants currently fail to provide wheelchair accessible paths of travel inside the Gas Station store.

21. Additionally, on information and belief the defendants currently fail to provide wheelchair accessible sales counters. Plaintiff seeks to have these barriers removed as they relate to and impact his disability.

22. The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff.

23. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

24. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

25. Plaintiff will return to the Gas Station to avail himself of its goods or services and to determine compliance with the disability access laws once it is represented to him that the Gas Station and its facilities are accessible. Plaintiff is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and

Complaint

1  discriminatory barriers again.

2  26. Given the obvious and blatant nature of the barriers and violations

3  alleged herein, the plaintiff alleges, on information and belief, that there are

4  other violations and barriers on the site that relate to his disability. Plaintiff will

5  amend the complaint, to provide proper notice regarding the scope of this

6  lawsuit, once he conducts a site inspection. However, please be on notice that

7  the plaintiff seeks to have all barriers related to his disability remedied. See

8  Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

9  encounters one barrier at a site, he can sue to have all barriers that relate to his

10 disability removed regardless of whether he personally encountered them).

11 **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

12 **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

13 Defendants.) (42 U.S.C. section 12101, et seq.)

14 27. Plaintiff re-pleads and incorporates by reference, as if fully set forth

15 again herein, the allegations contained in all prior paragraphs of this

16 complaint.

17 28. Under the ADA, it is an act of discrimination to fail to ensure that the

18 privileges, advantages, accommodations, facilities, goods and services of any

19 place of public accommodation is offered on a full and equal basis by anyone

20 who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

21 § 12182(a). Discrimination is defined, inter alia, as follows:

22       a. A failure to make reasonable modifications in policies, practices,

23          or procedures, when such modifications are necessary to afford

24          goods, services, facilities, privileges, advantages, or

25          accommodations to individuals with disabilities, unless the

26          accommodation would work a fundamental alteration of those

27          services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

28       b. A failure to remove architectural barriers where such removal is

Complaint

readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

29. When a business provides parking for its customers, it must provide accessible parking.

30. Here, accessible parking has not been provided in conformance with the ADA Standards.

31. When a business provides paths of travel, it must provide accessible paths of travel.

32. Here, accessible paths of travel have not been provided in conformance with the ADA Standards.

33. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

34. Here, accessible sales or transaction counters have not been provided in conformance with the ADA Standards.

35. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

36. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

Complaint

1    37. Here, the failure to ensure that the accessible facilities were available

2    and ready to be used by the plaintiff is a violation of the law.

3

4    **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

5    **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

6    Code § 51-53.)

7    38. Plaintiff repleads and incorporates by reference, as if fully set forth

8    again herein, the allegations contained in all prior paragraphs of this

9    complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

10   that persons with disabilities are entitled to full and equal accommodations,

11   advantages, facilities, privileges, or services in all business establishment of

12   every kind whatsoever within the jurisdiction of the State of California.  Cal.

13   Civ. Code §51(b).

14   39. The Unruh Act provides that a violation of the ADA is a violation of the

15   Unruh Act.  Cal. Civ. Code, § 51(f).

16   40. Defendants' acts and omissions, as herein alleged, have violated the

17   Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

18   rights to full and equal use of the accommodations, advantages, facilities,

19   privileges, or services offered.

20   41. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

21   discomfort or embarrassment for the plaintiff, the defendants are also each

22   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

23   (c).)

24

25   **PRAYER**:

26   Wherefore, Plaintiff prays that this Court award damages and provide

27   relief as follows:

28

Complaint

1    1. For injunctive relief, compelling Defendants to comply with the
2  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the
3  plaintiff is not invoking section 55 of the California Civil Code and is not
4  seeking injunctive relief under the Disabled Persons Act at all.

5    2. Damages under the Unruh Civil Rights Act, which provides for actual
6  damages and a statutory minimum of $4,000 for each offense.

7    3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant
8  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

9
   Dated: June 10, 2020          CENTER FOR DISABILITY ACCESS
10
11
                                 By:
12
13
                                 _____
14
                                 Russell Handy, Esq.
15                               Attorney for plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint